UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60229-CR-RUIZ/STRAUSS

18 U.S.C. § 1349
18 U.S.C. § 982(a)(2)(A)

UNITED STATES OF AMERICA

v.

DAMARA HOLNESS,

Defendant.
_____/

FILED BY _____ D.C.

AUG 1 7 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

## INFORMATION

The Acting United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times material to this Information:

### The Paycheck Protection Program

1. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

2. In order to obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and

make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application (Small Business Administration ("SBA") Form 2483), the small business (through its authorized representative) was required to provide, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. Businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses. In general, an employer was obligated to report to the Internal Revenue Service ("IRS"), with an IRS Form 941 or an IRS Form W-3, the number of salaried employees who received IRS W-2s and how much, in total, the employees were paid.

3.  A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

4.  PPP loan proceeds were required to be used by the business to pay expenses necessary to continue the operations of the business, including the payroll costs of employees, interest on mortgages, rent, and utilities. The interest and principal on the PPP loan could be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

### The Financial Institution

5.  Bank 1 was a lending institution located in Atlanta, Georgia, and provided funding directly to small businesses and consumers through an online lending platform. Bank 1 was an

approved SBA lender of PPP loans. Small businesses seeking PPP loans sent their applications electronically to Bank 1 whose servers were located in Reston, Virginia. Bank 1 would review the loan application and, if approved, a partner bank disbursed the loan funds to the applicant via the interstate banking system.

### The Defendant and the Defendant's Company

6. HOLNESS Consulting, Inc., ("HOLNESS Consulting") was a Florida corporation with its listed principal address in Plantation, Florida.

7. Defendant DAMARA HOLNESS was the president and sole owner of HOLNESS Consulting.

8. HOLNESS Consulting had a checking account at a national bank ("Bank 2"), and defendant HOLNESS had check signing authority on that account.

### COUNT 1
### Conspiracy to Commit Wire Fraud
### (18 U.S.C. § 1349)

1. The General Allegations section of this Information is re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around June 2020 through in or around September 2020, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**DAMARA HOLNESS,**

did willfully, that is, with the intent to further the objective of the conspiracy, and knowingly combine, conspire, confederate, and agree with others known and unknown to the Acting United States Attorney, to commit an offense against the United States, that is: to knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and

3

promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

### PURPOSE AND OBJECTIVE OF THE CONSPIRACY

3. It was the purpose and objective of the conspiracy for the defendant and her co-conspirators to unlawfully enrich themselves by, among other things; (a) submitting and causing the submission of a false and fraudulent application for a loan made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic, including PPP loans; and (b) diverting the proceeds for the defendant's and co-conspirators' personal use, the use and benefit of others, and to further the fraud.

### MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which defendant HOLNESS and her co-conspirators sought to accomplish the purpose and objective of the conspiracy included, among others, the following:

4. On or about June 29, 2020, defendant HOLNESS caused a loan application requesting a PPP loan of $300,000 to be submitted online, by interstate wire communication, to Bank 1.

5. The loan application falsely stated that HOLNESS Consulting had 18 employees and had an average monthly payroll of $120,000 a month.

6. In support of the loan application, defendant HOLNESS caused to be submitted online, by interstate wire communication, to Bank 1 an IRS Form W-3 falsely stating that during

4

2019 HOLNESS Consulting paid wages of $1,440,000 and had withheld from those wages federal income tax of $532,800, social security tax of $178,560, and Medicare tax of $41,760.

7. On or about July 2, 2020, based on the false information provided in the loan application and supporting document, Bank 1 approved the loan to HOLNESS Consulting and a partner bank of Bank 1 wire transferred $300,000, via interstate wire communication, to the HOLNESS Consulting bank account at Bank 2.

8. From in or about July 2020 through in or about September 2020, defendant HOLNESS began issuing checks to persons in order to make it appear as if HOLNESS Consulting had full-time employees and was complying with the conditions of the PPP loan.

9. At the direction of defendant HOLNESS, the persons receiving the checks endorsed the checks and returned the checks to defendant HOLNESS.

10. Defendant HOLNESS cashed the checks at Bank 2, gave a few hundred dollars to the person to whom the check was issued, and kept the remaining amount of approximately $1,000 per check.

11. Defendant HOLNESS and other co-conspirators used the proceeds from the fraud scheme for their own use, the use of others, and to further the fraud.

All in violation of Title 18, United States Code, Section 1349.

### FORFEITURE ALLEGATIONS

1. The allegations contained in this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **DAMARA HOLNESS**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1349, as alleged in this Information, the defendant shall forfeit to the United States any property

constituting, or derived from, proceeds obtained, directly or indirectly, as the result of such offense, pursuant to Title 18, United States Code, Section 982(a)(2)(A).

All pursuant to Title 18, United States Code, Section 982(a)(2)(A), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(l).

_____
JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

_____
JEFFREY KAPLAN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| v. | |
| DAMARA HOLNESS, | **CERTIFICATE OF TRIAL ATTORNEY*** |
| Defendant. _____ / | **Superseding Case Information:** |

**Court Division:** (Select One)  New defendant(s)  ☐ Yes  ☐ No
☐ Miami  ☐ Key West  ☑ FTL   Number of new defendants _____
☐ WPB  ☐ FTP   Total number of counts _____

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) **No**
   List language and/or dialect **English**

4. This case will take __0__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                (Check only one)
   I    0 to 5 days      ☑        Petty         ☐
   II   6 to 10 days     ☐        Minor         ☐
   III  11 to 20 days    ☐        Misdemeanor   ☐
   IV   21 to 60 days    ☐        Felony        ☑
   V    61 days and over ☐

6. Has this case previously been filed in this District Court? (Yes or No) **No**
   If yes: Judge _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) _____
   If yes: Magistrate Case No. _____
   Related miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the District of _____
   Is this a potential death penalty case? (Yes or No) **No**

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)? (Yes or No) **No**

8. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) **No**

9. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss)? (Yes or No) **No**

_____
Jeffrey N. Kaplan
Assistant United States Attorney
FLA Bar No.      A5500030

*Penalty Sheet(s) attached                                    REV 3/19/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name <u>DAMARA HOLNESS</u>**

**Case No**: _____

**Count #: 1**

<u>Conspiracy to Commit Wire Fraud</u>

<u>Title 18, United States Code, Section 1349</u>

**\* Max. Penalty:**   <u>20 years' imprisonment, $250,000 fine, 3 years' supervised release</u>

\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

### BOND RECOMMENDATION

DEFENDANT: DAMARA HOLNESS

$100,000 Personal Surety
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA: Jeffrey N. Kaplan

Last Known Address: 4019 NW 37th Ave.

Lauderdale Lakes, FL 33309

What Facility: N/A

Agent(s): S/A Heidi Ford, FBI
(FBI)  (SECRET SERVICE)  (DEA)  (IRS)  (ICE)  (**OTHER**)

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. |
| Damara Holness, | ) | **21-60229-CR-RUIZ/STRAUSS** |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

_____
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*