UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 21-60229-CR-RUIZ/STRAUSS

UNITED STATES OF AMERICA
    Plaintiff,
v.

DAMARA HOLNESS
    Defendant.

## DEFENDANT DAMARA HOLNESS'S MOTION FOR DOWNWARD VARIANCE

Defendant DAMARA HOLNESS (hereinafter "Ms. Holness") by and through undersigned counsel, files this Motion for Downward Variance in the above styled cause pursuant to Title 18, United States Code, Section 3553.

Ms. Holness respectfully requests that this Honorable Court sentence her below the advisory guidelines range based on her history and characteristics, which include her timely cooperation with the Government as well as family circumstances.

WHEREFORE, Defendant DAMARA HOLNESS respectfully requests that this Honorable Court grant the instant motion and sentence her below the advisory guidelines range.

    Respectfully Submitted,
    BY/s/ Sue-Ann Robinson Esq.
    Attorney for Damara Holness
    Florida Bar No. 29463
    Robinson Caddy Law
    614 S. Federal Highway
    Ft. Lauderdale, Fl 33302
    Tel : 954.399.2746
    Fax: 954.528.4277

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 21-60229-CR-RUIZ/STRAUSS

UNITED STATES OF AMERICA
    Plaintiff,
v.

DAMARA HOLNESS
    Defendant.

## DEFENDANT DAMARA HOLNESS'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR DOWNWARD VARIANCE

Defendant DAMARA HOLNESS (hereinafter "Ms. Holness") by and through her undersigned counsel , files this Memorandum of Law in support of her Motion for Downward Variance pursuant to Title 18, United States Code, Section 3553.

## STATEMENT OF RELEVANT FACTS

On November 3, 2021, the defendant pled guilty to a single count Information which charged her with conspiracy to commit wire fraud in violation of 18 USC § 1349. The Sentencing in this cause is set for January 31st, 2022.

The Pre Sentence Investigation Report (hereinafter "PSR") prepared in this case calculates Ms. Holness's total offense level at 20. That offense level, when coupled with Ms. Holness's criminal history category of I, results in advisory Guidelines imprisonment range of 21-30.

## ARGUMENT

As this Court is aware, Judges are authorized to impose a sentence outside the properly calculated sentencing Guidelines range through either a departure or a variance. United States Sentencing Commission, *Departure and Variance Primer* (June 2013). In this case Ms. Holness is seeking a downward variance based on application of the statutory factors set forth in 18 U.S.C. § 3553. Section 3553(a) requires a district court to impose a sentence "sufficient, but no greater than necessary," to comply with the purposes of sentencing. *18 U.S.C.§3553(a)(2).* In determining what sentence is sufficient, but not greater than necessary, the court should consider

Ms. Holness' history and characteristics, which includes her timely and substantial cooperation as well as family circumstances, as grounds for a downward variance from the Sentencing Guidelines. *See 18 U.S.C. §3553(a)*

### A. *Ms. Holness' Timely and Substantial Cooperation is an Aspect of her History and Characteristics Which Warrants Downward Variance under 18 U.S.C. § 3553(a)*

For variance purpose, the Eleventh Circuit has considered a defendant's cooperation as relevant to the §3553 factor concerning "the history and characteristics" of a defendant. *See United States v. Valdes Gonzalez,* 554 Fed.Appx. 862 (11th Cir.2014); see also *United States v. Gainous,* 546 Fed.Appx. 913 (11th Cir.2013) (District court) considering the totality of the circumstances and the § 3553(a) factors, and adequately considering mitigating evidence, including the defendant's willingness to cooperate with the government when granting a significant downward variance.) Section 3553(a)(1) is a "sweeping provision [that] presumably includes the history of the defendant's cooperation and characteristics evidenced by cooperation, such as remorse or rehabilitation." *United States v. Fernandez*, 443 F.3d 19, 33 (2d. Cir.2006). As a result, a sentencing court has the power to consider a defendant's cooperation as a mitigating factor under § 3553(a). *See Id.*

In the case at bar Ms. Holness respectfully requests that the Court consider her timely and substantial assistance to the Government when fashioning an appropriate sentence for her. Soon after her interview in this matter, Ms.Holness admitted her involvement in the offenses charged and began cooperating with the Government agents in an effort to mitigate the wrongs she committed.

Soon after her first meeting with Jeffrey Kaplan, Ms. Holness provided bank records for her business and entered a guilty plea. Ms. Holness.

In sum Ms.Holness's timely and extensive cooperation has not only substantially assisted the Government in their investigation, but, more importantly, demonstrates her immediate acceptance of responsibility and desire to mitigate the wrongs committed. It is, therefore, respectfully requested that these factors be taken into consideration by the

Court when fashioning a sentence that comports with the "sufficient but not greater than necessary" of  18 U.S.C. § 3553(a).

### B. Ms. Holness's Family Circumstances are Second of his History and Characteristics which warrants a downward Variance under 18 U.S.C.§ 3553 (a).

District courts justify consideration of family circumstances, an aspect of the defendant's history and characteristics, 18 U.S.C. § 3553(a)(1), for reasons extending beyond the Guidelines. *See United States v. Menyweather[1] ,* 447 F. 3d 625 (9th Cir. 2006). District courts now have discretion to weigh a multitude of mitigating and aggravating factors that existed at the time of mandatory Guidelines sentencing, but were deemed not ordinarily relevant, including family ties, responsibilities and other special circumstances. *Id; see also United States v. Sims,* 807 Fed. Appx. 436 (6th Cir. 2020) *citing United States v. Lapsins, 570 f 3d 75, 774 (6th Cir. 2009)* (family circumstances are an appropriate consideration by a district court as part of "the history and characteristics of the Defendant."); *United States v. Warren*, 2021 WL 1341049 (W.D. North Carolina 2021).

The instant case presents an exceptional family circumstances where any term of imprisonment, would cause irreparable damage to Ms. Holness's (15 month) old daughter, Amara. Amara is still breastfeeding and is under her pediatricians care for a developmental delay in mobility that causes her to fall due for suspected hip dysplasia she also suffers from cranial plagiocephaly. Since Amara's birth Ms. Damara Holness has been the primary caretaker for her infant daughter. Amara has resided primarily with Ms. Damara Holness since her birth. She does spend time with her father Barry Charles however Amara is very attached to her mother as she is still young and nursing.  Ms. Holness recently learned that Barry Charles Amara's dad has

---

[1] This case was abrogated on other grounds by *United States v. Burgum*, 663 F. 3d 810 (9th Cir. 2010)

fathered a child born on January 22nd, 2022. This circumstance has placed Amara's residential situation in jeopardy and any term of incarceration by Ms. Damara Holness will leave Amara's care in jeopardy as Mr. Charles will have the added responsibility of Amara full time and a newborn.

Considering the foregoing circumstances, sentencing Ms. Damara Holness to the term dictated by the guidelines would have dramatic consequences for her daughter that far outweigh the need for incarceration. *See United States v. Platt, 2020 WL 7123183 (E.D.N.Y 2020)* (Downward variance granted from guidelines range from 24 to 30 months to time served in consideration of various factors including the defendant's status as caretaker of his half brother who suffered from dementia and unspecified prostate issues.); *see also United States v. Norton, 218 F. Supp. 2d 1014* (E.D. Wisc.2002) (Court sentenced defendant convicted of credit card fraud, whose guidelines range was 15-21 months, to probation and home confinement observing that the Guidelines " do not require the judge to leave compassion and common sense at the door to the courtroom.") For these reasons, Ms. Damara Holness respectfully asks the Court to consider her daughters welfare, particularly her infant daughter at this tender age her mother's presence or lack thereof could have irreparable harm on her development. For these reasons, Ms. Damara Holness respectfully asks the Court to consider his family's welfare, particularly his family's welfare, particularly her indispensible role in her infant daughter's life, and impose a sentence that is well below the advisory Guidelines range.

## **CONCLUSION**

Pursuant to the aforementioned case law and statutory factors set forth in 18U.S.C.§3553(a), it is respectfully submitted that Ms. Holness deserves a substantial downward variance from the sentencing guidelines.

WHEREFORE, the defendant DAMARA HOLNESS respectfully requests that a downward variance be granted pursuant to 18 U.S.C. 3553(a) based on her history and characteristics, which includes her is timely and substantial cooperation with the Government and family circumstances.

Respectfully Submitted,

/s/ Sue-Ann Robinson Esq.
Robinson Caddy Law
614 S. Federal Highway
Ft. Lauderdale, Fl 33302
Tel : 954.399.2746
Fax: 954.528.4277
Email : sueann@robinsoncaddylaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties of record via transmission of Notices of Electronic Filing generated by CM/ECF.  DATED : January 28th, 2022

Respectfully Submitted,

/s/ Sue-Ann Robinson Esq.
Robinson Caddy Law
614 S. Federal Highway
Ft. Lauderdale, Fl 33302
Tel : 954.399.2746
Fax: 954.528.4277
Email : sueann@robinsoncaddylaw.com